**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ROBERT WARDRICK,<br><br>Petitioner,<br><br>v.<br><br>STATE OF MARYLAND, and<br>MARYLAND ATTORNEY GENERAL<br><br>Respondents. | Civil Action No.: SAG-24-36 |

**MEMORANDUM OPINION**

Petitioner Robert Wardrick has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, collaterally attacking his 2020 violation of probation ("VOP") judgment in the Circuit Court for Baltimore City, Maryland, in Case No. 114163012. ECF No. 1 (the "Petition"); ECF No. 1-1 (addendum identifying which VOP Petitioner is challenging). Respondents are the State of Maryland and the Maryland Attorney General, who filed a Limited Answer to the Petition asserting that the claims are procedurally defaulted. ECF No. 6. No hearing is required. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2025); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons that follow, I shall deny the Petition. A certificate of appealability shall not issue.

**Background**

Wardrick challenges his 2020 VOP entered in the Circuit Court for Baltimore City, Maryland, in Case No. 114163012. ECF Nos. 1 and 1-1. The procedural background of Wardrick's case was summarized by the state postconviction court in 2020 as follows:

> On December 11, 2014, Robert Wardrick ("the Petitioner") pled guilty to sex abuse of a minor, for which he was sentenced to a 10-year period of incarceration, with 7 years suspended and placed on a 5-year period of probation upon release in case #114163012.
>
> On that same date, the Petitioner also pled guilty to third degree sex offense of the same victim and was sentenced to 10-year period of incarceration, with 7 years suspended and placed on a 5-year period of probation upon release in case #114311025; to run concurrent to the sentence in case #114163012. [Petitioner did not file an application for leave to appeal either judgment of conviction.]
>
> On January 22, 2020, in front of the Honorable John S. Nugent and by representation of Counsel Megan Lewis, the Petitioner pled guilty to second degree rape, and was sentenced to 20 years with 12 years suspended and placed on another 5-year period of probation in case #119196003.
>
> On February 27, 2020, the Petitioner filed a Petition for Post-Conviction Relief [in Case No. 119196003] alleging ineffective assistance of counsel against VOP Counsel, Megan Lewis ("VOP Counsel").
>
> On March 5, 2020, the Petitioner came before the Honorable Judge Phillip S. Jackson, for a violation of probation hearing [in Case Nos. 114311025 and 114163012]. The Petitioner was represented by "VOP Counsel" and the Petitioner entered an admission to a "rule 4" violation, admitting that he violated his probation by failing to obey all laws while on probation; specifically, that he incurred a new conviction in case #119196003. The Petitioner also admitted to violating the special condition of his probation.
>
> On that same date, the Honorable Phillip S. Jackson sentenced the Petitioner to 7 years in cases #114163012 and #114311025; to run concurrent to one another; and [the] 7 year sentence is to run consecutive to his sentence in case ending in #119196003.[1]
>
> On March 29, 2022, the Petitioner filed a pro se petition for post-conviction relief in case #114163012.
>
> On March 17, 2023, the Petitioner filed a memorandum regarding his pro se claims, by and through his attorney, Sally Larsen, Assistant Public Defender; where the Petitioner also requested this Court to hear the same Post Conviction claims in case #114311025.

ECF No. 6-1 at 77-78 (paragraph numbering omitted).

Wardrick asserted two claims in his Petition for Post-Conviction Relief filed pursuant to Maryland's Uniform Postconviction Procedure Act ("UPPA"): "1. That his VOP counsel rendered

[1] Petitioner filed an application for leave to appeal the VOP conviction in Case No. 114311025, which was summarily denied by the Appellate Court of Maryland. ECF No. 6-1 at 19, 21. As discussed more fully herein, Petitioner did not file a timely application for leave to appeal the VOP in Case No. 114163012. *Id*. at 8.

ineffective assistance by representing him at the VOP hearing in these matters after he had filed a post-conviction petition in case 119196003 alleging that she had rendered ineffective assistance of counsel[; and] 2. That his VOP counsel rendered ineffective assistance by not adequately preparing for his VOP hearing in these matters." ECF No. 6-1 at 53.

A postconviction hearing was held on April 12, 2023. ECF No. 6-3. That day, the court issued an oral ruling from the bench, denying Wardrick's claims in both cases (Case Nos. 114311025 and 114163012). *Id*. at 41. The court's written memorandum and opinion was issued on April 21, 2023. ECF No. 6-1 at 77-84.

Wardrick filed an application for leave to appeal in each case. ECF No. 6-1 at 74-76, 10, 22. The Appellate Court docketed the application in Case No. 114163012 as appeal no. ACM-ALA-0664-2023. *Id*. at 87.

On May 22, 2023, the state circuit court issued a show-cause order in Case No. 114163012, informing Wardrick that he had "failed to deposit with the clerk . . . the filing fee required by Rule 8-201(b)." ECF No. 6-1 at 85. Wardrick was ordered to show cause in writing within 30 days why his application for leave to appeal should not be stricken. *Id*. Wardrick failed to respond. *Id*. at SR 12, 86. On July 7, 2023, Wardrick's application for leave to appeal in case no. 114163012 was stricken. *Id*. On July 14, 2023, the Appellate Court issued an order administratively closing the appeal (Case No. ACM-ALA-0664-2023). *Id*. at 87. The court's mandate issued on August 15, 2023. *Id*. at 88.

On December 19, 2023, Wardrick filed a second application for leave to appeal the denial of his UPPA petition. ECF No. 6-1 at 12. On January 9, 2024, the court struck the second application as duplicative of the prior application previously stricken. *Id*. at 13.

Wardrick filed his federal habeas corpus petition on January 8, 2024. ECF No. 1. He raises two grounds for relief concerning the ineffective assistance of VOP counsel. ECF No. 1 at 5. Respondents were directed to answer the Petition (ECF No. 4), and filed a Limited Response asserting that Wardrick's claims are procedurally defaulted. ECF No. 6. Wardrick was advised of his right to respond to Respondents' arguments (ECF No. 8), and filed correspondence in response. ECF No. 7.

**Standard of Review**

**1. 28 U.S.C. § 2254**

An application for writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). The federal habeas statute at 28 U.S.C. § 2254 sets forth a "highly deferential standard for evaluating state-court rulings." *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *see also Bell v. Cone*, 543 U.S. 447 (2005). The standard is "difficult to meet," and requires courts to give state court decisions the benefit of the doubt. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks and citations omitted); *see also White v Woodall,* 572 U.S.415, 419-20 (2014) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)) (state prisoner must show state court ruling on claim presented in federal court was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement.").

A federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits: 1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States;" or 2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state adjudication

is contrary to clearly established federal law under § 2254(d)(1) where the state court 1) "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or 2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Under the "unreasonable application" analysis under § 2254(d)(1), a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, "an unreasonable application of federal law is different from an incorrect application of federal law." *Id*. at 785 (internal quotation marks omitted).

Further, under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). "[E]ven if reasonable minds reviewing the record might disagree about the finding in question," a federal habeas court may not conclude that the state court decision was based on an unreasonable determination of the facts. *Id*. "[A] federal habeas court may not issue the writ simply because [it] concludes in its independent judgment that the relevant state-court decision applied established federal law erroneously or incorrectly." *Renico v. Lett,* 559 U.S 766, 773 (2010).

The habeas statute provides that "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "Where the state court conducted an evidentiary hearing and explained its reasoning with some care, it should be

particularly difficult to establish clear and convincing evidence of error on the state court's part." *Sharpe v. Bell*, 593 F.3d 372, 378 (4th Cir. 2010). This is especially true where state courts have "resolved issues like witness credibility, which are 'factual determinations' for purposes of Section 2254(e)(1)." *Id*. at 379.

**2. Exhaustion**

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland, this may be accomplished either on direct appeal or in post-conviction proceedings.

To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one is permitted, to the Appellate Court of Maryland and then to the Supreme Court of Maryland by way of a petition for writ of certiorari. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-201 and § 12-301.

If an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Appellate Court of Maryland. Md. Code Ann., Cts. & Jud. Proc. § 12-302(e). If the Appellate Court of Maryland denies the application, there is no further review available and the claim is exhausted. Md. Code Ann., Cts. & Jud. Proc. § 12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Supreme Court of Maryland. *Williams v. State*, 292 Md. 201, 210-11 (1981).

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Appellate Court of Maryland. Md. Code Ann., Crim. Proc. § 7-109. If the Appellate Court of Maryland denies the application, there is no further review available and the claim is exhausted. Md. Code Ann., Cts. & Jud. Proc. § 12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Supreme Court of Maryland. *Williams*, *supra*.

**3. Procedural Default**

Where a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether by failing to raise the claim in post-conviction proceedings or on direct appeal or by failing to timely note an appeal, the procedural default doctrine applies. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477 U.S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U.S. 41, 46 (1972) (failure to raise claim during post-conviction); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post-conviction relief). A procedural default also may occur where a state court declines "to consider the merits [of a claim] on the basis of an adequate and independent state procedural rule." *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999).

As the Fourth Circuit has explained:

> If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim. *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). A procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id*. at 735 n.1.

*Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits, or (2) that failure to consider the claim on the merits would result in a miscarriage of justice, *i.e.* the conviction of one who is actually innocent.[2] *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Breard*, 134 F.3d at 620. "Cause" consists of "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time." *Id.* (quoting *Murray*, 477 U.S. at 488). Even where a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of a petitioner's claims in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U S. 298, 314 (1995).

**Analysis**

Respondents contend that all of Wardrick's claims are procedurally defaulted because Wardrick failed to properly file an application for leave to appeal the denial of his post-conviction petition. This Court agrees.

Respondents argue that each ground is unexhausted because Wardrick failed to present each claim to the highest state court with authority to hear it. A review of the record supports a conclusion that Wardrick's claims are unexhausted and procedurally defaulted. While Wardrick asserted his claims of ineffective assistance of VOP counsel during his post-conviction proceeding,

[2] Habeas petitioners may use an actual innocence claim to excuse the procedural default of a separate constitutional claim upon which they request habeas relief. *See Murray*, 477 U.S. at 496. "[When] a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id.*; *see also Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003). Petitioners who wish to use a claim of actual innocence as a gateway to raising an otherwise defaulted constitutional claim must demonstrate by a preponderance of the evidence that a reasonable juror could not have convicted the petitioner in light of the new evidence. *See Buckner v. Polk*, 453 F.3d 195, 199-200 (4th Cir. 2006). Wardrick has made no such showing.

his application for leave to appeal was stricken because he failed to cure a filing deficiency, *i.e.*, he did not pay the filing fee or seek its waiver in a timely manner, nor did he timely respond to the court's directives to do so. Thus, his application for leave to appeal was struck by the circuit court and administratively closed by the Appellate Court of Maryland. Wardrick's claims are procedurally defaulted because he did not fairly present the claims to the highest state court with authority to review the claims, and they can no longer be raised. *See Mickens v. Taylor*, 240 F.3d 348, 356 (4th Cir. 2001); *accord Breard*, 134 F.3d 615 at 619 (stating that a procedural default occurs when a habeas petitioner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred (citation omitted)).

Wardrick's claims must be dismissed unless he can demonstrate that the default is excused. Wardrick was provided with an opportunity to brief this Court on the issue of procedural default, including any arguments and evidence to support a claim for "cause and prejudice" and "actual innocence." ECF No. 8. Wardrick sent a letter to the Court explaining that he attempted to file an application for waiver of fees in the Appellate Court of Maryland on April 27, 2023. ECF No. 7-1. He attaches copies of his application for leave to appeal and request for waiver of fees signed by him on April 27, 2023. *Id*. But the request for waiver of fees is not stamped by the state court and the court's docket does not reflect that it was ever received. Wardrick also provides a certified mail receipt indicating he mailed documents to the state court on May 1, 2023, but he concedes that he never received the signed postal receipt back indicating that his documents were received by the court. ECF No. 7-2. He also did not contact the mail room until September, 2023 to inquire about the mailing and make any effort to track the mailing. *Id*.

Even if Wardrick mailed the documents as he indicates, he was advised on May 22, 2023, that the state court had not received the fee or fee waiver in his case and he was directed to cure the deficiency and/or show cause, in writing within a specified period of time, why his application for leave to appeal should not be stricken. He took no further action. ECF No. 6-1 at 11-12, 85, 86. Wardrick offers no explanation for his failure to respond to the court's directive regarding the payment of fees/request for fee waiver.

In short, Wardrick's explanations do not adequately address the Respondents' argument that his claims are procedurally defaulted or provide the Court with any relevant information to determine whether the default should be excused. ECF No. 7-1. Wardrick's filings do not invoke "actual innocence" or "cause and prejudice" as an excuse for his procedural default. Because Wardrick has offered nothing to show that the procedural default of his claims should be excused, his claims must be dismissed.

**Conclusion**

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, 580 U.S. 100, 115 (2017). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because this Court finds that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability shall be denied. *See* 28 U.S.C. § 2253(c)(2). Wardrick may still request that the United States Court of Appeals for the Fourth

Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate order denying the Petition for Writ of Habeas Corpus and declining to issue a certificate of appealability follows.

September 29, 2026
Date

/s/
Stephanie A. Gallagher
United States District Judge